IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID K. EVERSON and <br> PATRICIA M. EVERSON, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD L. DOUGHTON, <br> individually and in his official capacity <br> as Justice of the Superior Court of <br> Alleghany/Rockingham County, North <br> Carolina, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 1:08CV887 |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiffs David K. Everson and Patricia M. Everson brought this civil action pursuant to 42 U.S.C. § 1983, alleging that Defendant Superior Court Judge Richard L. Doughton deprived them of their constitutional rights under the Fifth and Fourteenth Amendments during and in relation to a civil action brought in state court against the Eversons for breach of contract. In their Complaint (Docket No. 1), Plaintiffs assert claims against Judge Doughton individually and in his official capacity as a Superior Court Judge of the State of North Carolina. They seek declaratory and injunctive relief. In response to the Complaint, Defendant Doughton has filed a motion to dismiss pursuant to Rules 12(b)(1)

and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 7.) Plaintiffs have filed a response in opposition to the motion to dismiss.

In the Complaint, Plaintiffs bring suit against Judge Doughton for a second time in this Court. In this action, they repeat the essential assertions that formed the basis of their first suit. They allege that they were sued in state court in 2003 by Charles S. Honacher and Catherine M. Honacher. One of the claims asserted by the Honachers was breach of contract, arising out a real estate transaction. Plaintiffs assert that the state court, and therefore Defendant Doughton, the presiding judge, lacked jurisdiction and judicial authority over the proceeding. (Docket No. 1, Complaint ¶¶ 27-30.) Plaintiffs further allege that, at the conclusion of the trial of the action, Judge Doughton, in violation of due process and equal protection and the laws of North Carolina, ordered specific performance and forced them to sell their land erroneously.

Plaintiffs have repeated the allegations they made in their earlier action in this Court. *See David K. Everson and Patricia M. Everson v. Richard L. Doughton*, No. 1:06CV1033 (M.D.N.C. June 8, 2007). In that action, styled precisely as this one, the Eversons requested damages against Judge Doughton as well as declaratory relief based on the same factual allegations as are made here. Defendant has moved to dismiss the Complaint on grounds of *res judicata*, *Rooker/Feldman* abstention, and the Anti-Injunction Act, 28 U.S.C. § 2283. On review of the argument of the parties, the Court finds and concludes, for reasons set forth below, that Defendant's motion to dismiss should be granted.

The Court has previously held that Defendant Judge Doughton is entitled to judicial immunity with regard to damages claims against him in his individual capacity. It is well settled that judges are immune from damages liability for judicial acts unless done in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Immunity is not lost because the judge's actions were taken in error, done maliciously, or exceeded authority. *Id.* at 355-56. The test for "judicial acts" focuses upon whether the acts were a function normally performed by a judge. *Forrester v. White*, 484 U.S. 219 (1988). The kinds of arguments made here by the Plaintiffs, that Judge Doughton erred in jurisdictional rulings, failed to join a necessary party, improperly found that proceedings should take place in North Carolina rather than Texas, misapplied North Carolina law, and deprived them of due process and equal protection are utterly remote from the "clear absence of all jurisdiction" required for a forfeiture of judicial immunity. To the extent Plaintiffs ask for declaratory judgment, they essentially ask this Court to sit as a court of error with respect to a state court civil trial. This notion reveals a fundamental misunderstanding of the relationship between the federal and state courts. None of Plaintiffs' allegations raises a cognizable claim that Defendant deprived them of due process or equal protection of the law. Plaintiffs obviously believe that Defendant's rulings in the state-court action were patently wrong, but this belief, standing alone, simply raises no federal question to be determined by this Court.

Plaintiffs' action against Judge Doughton in his official capacity fares no better. Such an action is in essence an action against the State of North Carolina. However, the Eleventh Amendment generally bars suits directly against states or it agencies, regardless of the nature of relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996). A state may waive such immunity, but there is no allegation of waiver here, and it is readily apparent that there has been no such waiver by the State of North Carolina with regard to the rulings of its state court judges.

Moreover, Plaintiffs' claims are barred by the doctrine of *res judicata*. That doctrine provides that a valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim. *See generally Adkins v. Allstate Ins. Co.*, 729 F.2d 974 (4th Cir. 1984). The fact that Plaintiffs now characterize their claims as "due process" and "equal protection" claims does not differentiate them from their earlier claims (restated herein) that Defendant acted beyond his judicial authority. The same material facts are placed in issue. Further, the ultimate relief that Plaintiffs request, a permanent injunction against enforcement of Judge Doughton's final judgment, is squarely prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283.

In sum, the Court finds that Defendant's Rule 12(b)(6) motion is well-taken and that the *pro se* Plaintiffs have stated no legally cognizable claim against the Defendant.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Docket No. 7) be granted and that this action be dismissed with prejudice.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: April 2, 2009